UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CARLOS RODRIGUEZ, and all others
similarly situated

       Plaintiff,

vs.

ROMERO BROTHERS LUMPER
SERVICES LLC, a Florida
Corporation, and RICHARD A.
ROMERO, individually,

       Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, CARLOS RODRIGUEZ, by and through his undersigned attorney, and hereby sues Defendants, ROMERO BROTHERS LUMPER SERVICES., a Florida Corporation, and RICHARD A. ROMERO, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay and minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant ROMERO BROTHERS is a Florida corporation which regularly conducted business within the Southern District of Florida which repalletizes and re-distributes goods. The goods that ROMERO BROTHERS distributed arrived from locations outside the state of Florida.

6. ROMERO BROTHERS is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, ROMERO BROTHERS operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and ROMERO BROTHERS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of ROMERO BROTHERS was at all times material hereto in excess of $500,000.00 per annum. Upon information and belief, the gross annual revenue for ROMERO BROTHERS is expected to $500,000.00 for the year of 2016. Upon information and belief, the gross annual revenue for ROMERO BROTHERS was in excess of $250,000.00 during the first two quarters in 2016, and in excess of $375,000.00 during the first three quarters in 2006.

8. By reason of the foregoing, ROMERO BROTHERS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, RICHARD ROMERO, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant RICHARD ROMERO controlled the purse strings for the corporate Defendant. Defendant RICHARD ROMERO hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as an unloader and palletizer of dry goods.

12. Plaintiff was employed from on or about September 6, 2016 through October 31, 2016. Plaintiff worked approximately an average of 78 hours per week and was paid an approximate average rate of $400 per week.

13. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

14. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

15. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

16. The similarly situated individuals are those individuals whom were employed by the Defendants as an unloader and/or palletizer of dry goods like the Plaintiff, and whom were not paid overtime wages.

17. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1- 9 above and further states:

18.     29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

19.     Plaintiff was employed by the Defendants as a non-exempt unloader and palletizer of dry goods.

20.     Plaintiff was employed from on or about September 6, 2016 through October 31, 2016. Plaintiff worked approximately an average of 78 hours per week and was paid an approximate average rate of $400 per week. This is an equivalent rate of $5.12 per hour. Accordingly, Plaintiff was paid less than the federal minimum wage of $7.25 per hour. Plaintiff seeks to be paid the federal minimum wage for each hour worked.

21.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was paid below the minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wage, Defendants did not alter their pay practices to pay minimum wage.

22.     Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

          Dated: November 3, 2016

          Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561